IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAL FARAH, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:24-cv-01757-LAH-JTG ) ) |
| v. | ) ) |
| RECRUIT PROMASTER, INC. and MILOS GUBIC, | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| ZNZ LOGISTICS, LLC | ) ) |
| Third Party Respondent | ) ) |

**PLAINTIFF'S MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST THIRD-PARTY CITATION RESPONDENT PURSUANT TO 735 ILCS 5/12-706**

NOW COMES Plaintiff, Jamal Farah, by and through attorney, Edward "Coach" Weinhaus, pursuant to Federal Rule of Civil Procedure 69(a), 735 ILCS 5/2-1402, and 735 ILCS 5/12-706, and respectfully moves this Honorable Court to enter a conditional judgment against the Third-Party Citation Respondent, ZNZ Logistics, LLC ("Respondent") for failure to respond to a Citation to Discover Assets. In support of this Motion, Plaintiff states as follows:

**Factual Background**

1) This Court entered a Judgment on December 11, 2024, in favor of Plaintiff and against Defendants Rercruit Promaster, Inc. and Milos Gubic, in the amount of $136,945.66, plus applicable interest and costs, in the above-captioned case.

2) On December 12, 2024, Plaintiff caused a Citation to Discover Assets to be issued to the Third-Party Citation Respondent, ZNZ Logistics, LLC, pursuant to 735 ILCS 5/2-1402.

3) The Citation was duly served on Respondent on or before December 27, 2024, via certified mail to registered agent. See ECF #55.

4) The Respondent failed to appear, answer, or otherwise respond as required by the Citation on January 7, 2025.

5) As of the date of this Motion, Respondent has failed to answer, appear, or otherwise respond to the Citation to Discover Assets, despite being properly served and having had sufficient time to comply with the Citation's requirements.

## Legal Basis for Relief

6) Pursuant to Federal Rule of Civil Procedure 69(a)(1), the procedure for execution of a judgment and supplementary proceedings in federal court "must accord with the procedure of the state where the court is located," here Illinois, absent a conflicting federal statute. Accordingly, Illinois' supplementary proceeding statutes, including 735 ILCS 5/2-1402 (governing citations to discover assets) and 735 ILCS 5/12-706 (authorizing conditional judgments for non-compliance with citations), apply in this Court. There is no federal statute that conflicts with or overrides the application of 735 ILCS 5/2/1402 or 735 ILCS 5/12-706 in this context.

7) Federal courts in Illinois routinely apply Illinois' supplementary proceeding statutes under Rule 69(a). For example, in *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993), the Seventh Circuit confirmed that Federal Rule 69(a) incorporates Illinois' citation procedures under 735 ILCS 5/2-1402 for enforcing judgments in federal court, including proceedings against third parties. In *Star Ins. Co. v. Risk Marketing Group, Inc.*, 561 F.3d 656,

661 (7th Cir. 2009), the Seventh Circuit upheld the use of Illinois' supplementary proceeding statutes in federal court, recognizing their applicability under Rule 69(a) for post-judgment enforcement. In *Laborers' Pension Fund v. Pavement Maintenance, Inc.*, 542 F.3d 189, 194 (7th Cir. 2008), the Seventh Circuit affirmed that Illinois' citation procedures apply in federal court to pursue assets held by third parties, consistent with Rule 69(a). These cases establish that 735 ILCS 5/12-706, as a component of Illinois' garnishment and citation framework, is properly applied in federal court to address a third party's failure to respond to a citation.

8) Under 735 ILCS 5/2-1402(k-3) and 735 ILCS 5/12-706(a), this Court is authorized to enter a conditional judgment against a third-party citation respondent who fails to comply with a citation to discover assets. Specifically, 735 ILCS 5/12-706(a) provides that if a third party fails to answer a citation, the court may enter a conditional judgment against the respondent for the amount due on the underlying judgment.

9) Plaintiff seeks a conditional judgment against Respondent in the amount of $136,945.66 (the amount due on the judgment) plus post-judgment interest. Interest continues to accrue on the judgment at the statutory rate pursuant to 735 ILCS 5/2-1303.

**Request for Relief**

10) Due to Respondent's failure to respond to the Citation, Plaintiff requests that this Court enter a conditional judgment against Respondent pursuant to 735 ILCS 5/12-706(a), as applied through Federal Rule 69(a). Plaintiff further requests that the Court issue an order directing Respondent to show cause why the conditional judgment should not be made final.

11) Plaintiff requests any further relief the Court deems just and proper, including but not limited to costs and attorney's fees associated with this Motion, as permitted under 735 ILCS 5/2-1402.

**WHEREFORE**, Plaintiff, Jamal Farah, respectfully requests that this Honorable Court:

A. Enter a conditional judgment against Third-Party Citation Respondent, ZNZ Logistics, LLC, in the amount of $136,945.66, plus post-judgment interest;

B. Issue an order directing Respondent to show cause why the conditional judgment should not be made final;

C. Award Plaintiff costs and attorney's fees associated with this Motion, as permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

<u>/s/Edward "Coach" Weinhaus</u>
Edward "Coach" Weinhaus
LegalSolved LLC
11500 Olive Blvd Suite 133
Creve Coeur, MO. 63141
(314) 580-9580
eaweinhaus@gmail.com
ARDC #6333901
Attorney for Plaintiff

April 23, 2025

**DECLARATION PURSUANT TO 28 U.S.C. 1746**

I, Edward "Coach" Weinhaus, declare under penalty of perjury under the laws of the United States that I have personal knowledge of the foregoing statements, which are true and correct to the best of my information and belief, and that the exhibits attached to this Motion are true and correct copies of the documents they are asserted to be.

Date: April 23, 2025
Signed: _/s/Edward "Coach" Weinhaus_____
Edward "Coach" Weinhaus, Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Edward "Coach" Weinhaus, certify that on April 23, 2025, I caused a true and correct copy of the foregoing Plaintiff's Motion for Entry of Conditional Judgment Against Third-Party Citation Respondent Pursuant to 735 ILCS 5/12-706 to be served upon the following parties via certified mail return receipt requested to registered agent:

ZNZ Logistics LLC
c/o Ljubisa Srejovic, Registered Agent
2340 South River Road, Suite 208
Des Plaines, Illinois 60018-3223

Signed: _/s/Edward "Coach" Weinhaus_____
Edward "Coach" Weinhaus, Attorney for Plaintiff